IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BRADLEY SOULLIERE, | No. 2:14-cv-0352-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 16) and defendant's cross-motion for summary judgment (Doc. 17). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment or remand and deny the Commissioner's cross-motion for summary judgment.

/ / /

/ / /

1

# I.  PROCEDURAL HISTORY[1]

Plaintiff applied for social security benefits with a protective filing date of February 18, 2011, alleging an onset of disability on September 15, 2010, due to degenerate disk dysplasia, lumbar radiculopathy, high blood pressure, depression, arthritis, shingles, and erectile dysfunction (Certified administrative record ("CAR") 56-58, 126-28, 146).  Plaintiff's claim was denied initially and upon reconsideration.  Plaintiff requested an administrative hearing, which was held on October 9, 2012, before Administrative Law Judge ("ALJ") Amita B. Tracy.  In a November 2, 2012, decision, the ALJ concluded that plaintiff is not disabled[2] based on the

---

[1] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the undersigned does not exhaustively relate those facts here.  The facts related to plaintiff's impairments and medical history will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 20, 2015.

2. The claimant has not engaged in substantial gainful activity since September 15, 2010, the alleged onset date (20 CFR 404.1571 *et seq*).

3. The claimant has the following severe impairments: degenerative disc disease, high blood pressure, arthritis, obesity, and depression (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasional climbing of ramps and stairs; never climbing ladders, ropes or scaffolds; frequent balancing; occasional stooping; occasional kneeling, occasional crouching; never crawling; limited to simple, routine, repetitive tasks; would need a sit/stand option which is defined as sitting for 15 minutes and standing for 10 to 15 minutes.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on June 1, 1962 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

/ / /

---

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

3

|   |     |                                                                                                                                                                                  |
|---|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | 10  | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)). |
|   | 11. | The claimant has not been under a disability, as defined in the Social Security Act, from September 15, 2010, through the date of this decision (20 CFR 404.1520(g)). |

(CAR 11-215).  After the Appeals Council declined review on December 18, 2013, this appeal followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is "such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III. DISCUSSION

Plaintiff argues the ALJ erred at step five of the sequential disability analysis in identifying alternative work activity the ALJ determined plaintiff could perform in light of the assessed residual functional capacity. Specifically, plaintiff contends that the ALJ relied on the vocational expert's testimony that plaintiff could perform certain identified jobs which was inconsistent with plaintiff's residual functional capacity (RFC). While the ALJ set forth all of the limitations identified in the RFC, the vocational expert identified three occupations that are beyond plaintiff's abilities and failed to resolve the discrepancy between plaintiff's limitations and the Dictionary of Occupational Titles (DOT). The ALJ determined plaintiff was limited to simple and routine tasks, but the positions the vocational expert identified had a Reasoning Level 3 or 4, which is inconsistent. The ALJ failed to ask the vocational expert to resolve the inconsistency.

Defendant counters that the reasoning levels identified in the DOT falls under the category of General Educational Development (GED), which includes reasoning, mathematics, and language, not just reasoning. Thus, the reasoning levels, and GED in general, within the DOT describe more general educational background rather than particular mental demands of the job. Defendant relies on out of circuit cases as support, noting at the time of briefing that there were no Ninth Circuit cases on point.

Here, the ALJ determined plaintiff has the RFC to perform light work, with the following additional limitations:

> occasional climbing of ramps and stairs; never climbing ladders, ropes or scaffolds; frequent balancing; occasional stooping; occasional kneeling, occasional crouching; never crawling; limited to simple, routine, repetitive tasks; would need a sit/stand option which is defined as sitting for 15 minutes and standing for 10 to 15 minutes.

(CAR 14).

Based on this RFC, the ALJ utilized the services of a vocational expert at the administrative hearing. The hypothetical presented to the vocational expert included the above

5

limitations. Based on the limitations set forth above minus the sit/stand limitation, the vocational expert testified that such an individual could perform a wide range of jobs at the light, unskilled level, including cashier II (DOT 211.462-010), storage facility clerk (DOT 295.367-026), and parking lot attendant (DOT 915.473-010), which the vocational expert testified were consistent with the DOT. (CAR 49-50). However, when the sit/stand limitation was included, the vocational expert testified that such a limitation would eliminate the parking lot job, and the cashiering position would be eroded by 90 percent, but the storage facility clerk job would still be an option. (CAR 50-51). The vocational expert also identified work as a fundraiser (DOT 293.357-010) as a position available with the sit/stand limitation. In addition, the vocational expert acknowledged that the DOT is silent on a sit/stand option limitation, but that based on her experience and reviewing the job descriptions in the DOT as to how the job is going to be performed, the positions were reconciled with the DOT. (CAR 52).

At step five of the sequential evaluation process, once a claimant establishes he can no longer perform his past relevant work, the burden shifts to the Commissioner to establish the existence of alternative jobs available to the claimant, given the claimant's age, education, and work experience. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988) (citing Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986)). This burden can be satisfied by either applying the Medical-Vocational Guidelines ("Grids"), if appropriate, or relying on the testimony of a VE. See id. The testimony of a VE should generally be consistent with the DOT, although neither "trumps" the other if there is a conflict. See Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). If there is an inconsistency between the vocational expert's testimony and the job descriptions in the DOT, the ALJ must resolve the conflict. See id. (citing SSR 00-4p).

The Ninth Circuit recently addressed the very issue raised in this case, whether a limitation to simple and repetitive tasks is consistent with the demands of level-three reasoning. See Zavalin v. Colvin, 778 F.3d 842 (9th Cir. 2015). The Ninth Circuit determined "that there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks,

6

1   and the demands of Level 3 Reasoning." Id. at 847.  In Zavalin, the Ninth Circuit found that
2   "because the ALJ failed to recognize an inconsistency, she did not ask the expert to explain why
3   a person with Zavalin's limitation could nevertheless meet the demands of Level 3 Reasoning.
4   We conclude that the ALJ erred in failing to reconcile this apparent conflict." Id.  Thus, the
5   Court remanded the case for further proceedings.
6         The facts of this case are quite similar.  Plaintiff argues, and defendant does not
7   contend otherwise, the jobs identified by the vocational expert have a Reasoning Level 3 or 4.
8   As stated above, the RFC limits plaintiff to simple and routine tasks.  As in Zavalin, the ALJ
9   failed to recognize this inconsistency, and did not ask the vocational expert to clarify.  As such, a
10  remand is necessary to resolve this apparent inconsistency.

## IV.  CONCLUSION

Based on the foregoing, the undersigned finds that remand is necessary to resolve the apparent inconsistency between the plaintiff's RFC and the vocational expert's testimony as to the jobs available that plaintiff is able to perform.  Accordingly, IT IS HEREBY ORDERED that:

    1.    Plaintiff's motion for summary judgment (Doc. 16) be granted;

    2.    Defendant's cross-motion for summary judgment (Doc. 17) be denied;

    3.    This matter be remanded for further proceedings consistent with this order; and

    4.    The Clerk of the Court be directed to enter judgment and close this file.

DATED:  September 28, 2015

                                                                          
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE