# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BRADLEY SOULLIERE, | No. 2:14-CV-0352-DMC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment remanding this action for further administrative proceedings was entered on September 28, 2015. The court's final judgment did not include an award of past-due benefits. Pending before the court is plaintiff's counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons discussed below, the court will direct the parties to file further briefing.

Under 42 U.S.C. § 406(a), fees may be awarded by the Commissioner of Social Security for proceedings at the agency level. Under 42 U.S.C. § 406(b), fees may be awarded for proceedings in the district court when the district court renders a judgment favorable to the claimant. Fees awarded under section 406(b) may not be "in excess of 25 percent of the total of

the past-due benefits to which the claimant is entitled <u>by reason of such judgment</u>. . . ." <u>Id.</u> (emphasis added). Thus, pursuant to the plain language of the statute, section 406(a) is the exclusive vehicle for obtaining fees for work performed at the agency level and section 406(b) is the exclusive vehicle for obtaining fees for work performed in the district court when the court awards benefits. <u>See</u> <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 794-95 (2002). Given that this court's judgment entitled plaintiff to, at best, further proceedings at the agency level and did not include any award of benefits, it cannot be said plaintiff was entitled to past-due benefits by reason of that judgment.

In <u>Gisbrecht</u>, the Supreme Court considered the appropriate method for determining fees for proceedings in the district court under section 406(b). In particular, the Court noted the claimants bringing the appeals had each been awarded past-due benefits by the district court. <u>See id.</u> at 797. Because the case involved an award of benefits included in the district court's judgments, it fell squarely under section 406(b). <u>Gisbrecht</u>, however, is distinguishable from the current case where plaintiff obtained from this court a judgment of remand. Here, past-due benefits were not part of this court's judgment and were only later awarded following additional proceedings at the agency level. <u>But see</u> <u>Crawford v. Astrue</u>, 586 F.3d 1142 (9th Cir. 2009) (applying <u>Gisbrecht</u> in the context of a section 406(b) motion brought in cases where the district court did not directly order past-due benefits and where such benefits which were eventually awarded at the agency level following remands by the district court).[1]

The jurisdictional distinction between sections 406(a) and 406(b) has been recognized by a number of circuits, including the Ninth Circuit prior to <u>Crawford</u>. <u>See e.g.</u> <u>Brown v. Sullivan</u>, 917 F.2d 189 (5th Cir. 1990); <u>Pittman v. Sullivan</u>, 911 F.2d 42 (8th Cir. 1990); <u>Guido v. Schweiker</u>, 775 F.2d 107 (3rd Cir. 1985). In <u>Guido</u>, the Third Circuit expressly considered the then "unsettled question" whether the district court has the authority to grant fee awards for services at both the agency and district court levels. <u>Guido</u>, 775 F.2d at 108. The

---

[1] This court acknowledges that, following <u>Crawford</u>, numerous district courts within this circuit, as well as the Ninth Circuit itself, have applied section 406(b) to award fees in cases where benefits were awarded by the agency following a district court remand and not directly by the district court.

court noted the Sixth Circuit in Webb v. Richardson, 472 F.2d 529 (6th Cir. 1972), concluded the district court has such authority, 775 F.2d at 108, whereas the First, Fourth, Eighth, and Ninth Circuits had all concluded the district court has no statutory authority to award counsel fees for representation before the agency, id. (citing Gardner v. Menendez, 373 F.2d 488 (1st Cir. 1967); Whitt v. Califano, 601 F.2d 160 (4th Cir. 1979); Fenix v. Finch, 436 F.2d 831 (8th Cir. 1971); MacDonald v. Weinberger, 512 F.2d 144 (9th Cir. 1975)). The court in Guido noted the Sixth Circuit "stands alone in adopting the single petition approach" and joined its sister circuits in concluding the district courts do not have authority to award fees for proceedings before the agency. 775 F.2d at 108.

This court is bound to follow the rulings of the Ninth Circuit. In MacDonald, the Ninth Circuit held: "Under 42 U.S.C. § 406(b)(1), a District Court. . .has no authority to award an attorney's fee for representation of a claimant before the Secretary, that power being granted by 42 U.S.C. § 406(a) to the Secretary alone." 512 F.2d at 146 (citing Fenix and Gardner). Though after Gisbrecht the Ninth Circuit in Crawford applied section 406(b) in a case where the agency, not the district court, awarded benefits, nothing in Crawford specifically abrogates the rule announced by the Ninth Circuit years earlier in MacDonald.[2] The parties will be directed to file further briefing addressing whether the Ninth Circuit's holding in MacDonald remains the rule in this circuit following Crawford and, if so, why this court should not deny plaintiff's section 406(b) motion without prejudice to renewal before the agency under section 406(a).

Accordingly, IT IS HEREBY ORDERED that the parties shall each file briefs addressing the questions presented above within 15 days of the date of this order.

Dated: February 21, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[2] The jurisdictional issue appears simply to have been overlooked as the dispute in Crawford centered on the approach used to calculate fees following the Supreme Court's decision in Gisbrecht.

3